UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL CASE NO: 06-67-KKC

CHRISTY ROSE,                                                                                        PLAINTIFF,


vs.                                        **OPINION AND ORDER**


STAINLESS STEEL INVEST, INC,
d/b/a North American Stainless,
MIKE TOLIN,                                                                                      DEFENDANTS.

\* \* \* \* \* \* \* \*

This matter is before the Court on Plaintiff's Motion to Remand (Rec. No. 7). For the

reasons stated below, the Court DENIES the Motion.

**I. BACKGROUND FACTS**

In August 2006, the Plaintiff, Christy Rose ("Plaintiff") filed a complaint in Carroll

County Circuit Court alleging negligence arising out of a forklift accident. The Plaintiff was an

employee of Defendant Stainless Steel Invest, Inc. ("NAS"), a Delaware company, at the time of

the accident. The Plaintiff alleges that she was negligently struck and injured by a forklift driven

by Defendant Mike Tolin ("Tolin"), a Kentucky resident, while performing work on the premises

of NAS.

While the action was pending in Carroll Circuit Court, Defendant Tolin filed a Motion to

Dismiss with an attached affidavit stating that he is Safety Director at NAS and he does not

operate forklifts and did not operate a forklift on the date set forth in the complaint. On

September 14, 2006, Defendant NAS removed this action on the basis of diversity jurisdiction,

28 U.S.C. §1332(c). NAS alleges that Defendant Tolin, a Kentucky resident, was fraudulently

joined as a defendant and his residency should be ignored for purposes of removal.

On October 11, 2006, the Plaintiff filed a Motion to Remand the matter to Carroll Circuit Court pursuant to 28 U.S.C. § 1447(c) based on lack of diversity of citizenship.

## II. ANALYSIS

" If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  NAS removed this action on the basis of diversity jurisdiction. Diversity jurisdiction exists only when all plaintiffs are of a different citizenship from all defendants. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999); 28 U.S.C. § 1332. The Plaintiff and Defendant Tolin are Kentucky residents, however, NAS argues that Tolin's residency should be ignored because he was fraudulently joined.

"[F]raudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Id*. At 493. The removing party has the burden of establishing federal jurisdiction and fraudulent joinder. *Alexander v. Electronic Data Systems Corp*., 13 F.3d 940, 948-49 (6th Cir. 1994). "There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Id*. At 949. Thus, the Court must look to Kentucky law to determine whether the Plaintiff has asserted a basis for recovery against Tolin.

Defendant NAS argues that the Plaintiff cannot recover against Tolin under Kentucky state law, because Tolin was not the operator of the forklift, thus, the Motion to Remand should be denied. Plaintiff's claim against Tolin is premised upon the negligent operation of a forklift. In order to assert a negligence action under Kentucky law, "a plaintiff must establish a duty on the

defendant, a breach of the duty, and a causal connection between the breach of the duty and an injury suffered by the plaintiff." *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436-37 (Ky.App. 2001). Certainly, if Tolin was not operating the forklift that injured the Plaintiff, the Plaintiff cannot successfully assert a negligence claim based on negligent operation of a forklift under Kentucky law.

Defendant Tolin submitted a Motion to Dismiss with an attached affidavit stating that he was not operating the forklift at the time of the alleged accident. A party asserting federal jurisdiction must submit evidence to substantiate its claims. *Hicks v. Emery Worldwide, Inc.*, 254 F. Supp. 2d 968, 971 (S.D.Ohio 2003). "The removing defendant's burden is to prove, by a preponderance of the evidence, that the jurisdictional facts it alleges are true." *Id.*  The district court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.* at 971 *quoting Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990). A party who removes an action on the basis of fraudulent joiner is permitted to submit evidence to show that the plaintiff does not have a colorable basis for recovery against the defendant. *King v. Centerpulse Orthopedics, Inc.*, 2006 WL 456478 (N.D. Ohio 2006)(unpublished).

NAS has presented evidence, the affidavit of Tolin, to show that the Plaintiff cannot recover against Tolin under Kentucky state law, thus, Tolin was fraudulently joined and his residency will be ignored for purposes of determining diversity jurisdiction. Plaintiff argues that even if Tolin's affidavit is correct, she is entitled to the Court's presumption that some unidentified employee, presumably a Kentucky resident, committed the negligent acts. However, the Court determines whether complete diversity exists between identified parties at the time of

removal. *Curry v. U.S. Bulk Transport*, Inc., 462 F.3d 536, 539 (6th Cir. 2006). Since complete

diversity exists between NAS and the Plaintiff, remand is not proper.

## III. CONCLUSION

Accordingly, it is ORDERED as follows:

(1)     Plaintiff's Motion to Remand (Rec. No. 7) is DENIED;

(2)     Defendant Tolin is dismissed as a party to this action;

(3)     Defendant Tolin's Motion to Dismiss (Attachment 3 of Rec. No. 1) filed in

Carroll Circuit Court is DENIED as MOOT.

This the 20th day of February, 2007.

**Signed By:**

*Karen K. Caldwell*

**United States District Judge**